STATE OF MAINE                                 SUPERIOR COURT
PENOBSCOT, SS.                                 Docket No. CV-04-321

Aℳℋ-ℙ /ℳℓ ℬ

ROBERT GARNETT, JR., et al.,     )
                  Plaintiff,     )
                                 )
                                 )
                                 )
          v.                     )          **DECISION AND JUDGMENT**
                                 )
                                 )
PAUL L. ALLEN, et al.,           )
                  Defendant.     )

| ... |
| UP ... |
| OCT 1 ... 2005 |
| PENOBSCOT COUNTY |

Trial held: October 13, 2005

The Plaintiffs purchased a house and property located at 8 Peaceful Valley Road in Bucksport from the Defendants on October 2, 2002, for the sum of $135,000. They complain that the Defendants negligently, fraudulently or in violation of contractual terms, misrepresented that there were no moisture problems in the basement and foundation areas of the house. They claim that the house did, in fact, suffer from profound moisture problems and that they have incurred substantial expense in remedying them.

The Property Disclosure Statement (Plaintiffs' exhibit 1) constitutes the only representations made by the Defendants regarding the condition of the property. The court finds that no other statements, written or oral, were made prior to the sale of the property. The statement clearly indicates, "NO," to the question: Foundation/Basement - Moisture or leakage?

The court finds that the Plaintiffs justifiably relied upon this representation. The court further finds that it was material to the transaction - the Plaintiff's intended to expand the enclosed area of the basement level, so the condition of the foundation and basement would be extremely relevant to their decision to offer to purchase the structure (and the amount of their offer).

The Plaintiffs spent little time in the structure before the winter of 2003/2003 set in. When they returned to the house in early spring of 2003, they noticed a significant amount of water which had pooled near the water heater in the basement. The floor surface in this area is bare concrete; the remaining portion of the basement floor is finished (i.e. - it is covered with plywood and carpeted). The Plaintiffs used a Shop Vac to remove the water - but the water kept entering. They wondered if there was further water on other areas of the basement floor.

The Plaintiffs obtained the services of Rick McLaughlin, a contractor, to examine the property. Mr. McLaughlin was the contractor which the Plaintiffs were intending to use to complete the enclosure of the basement area. Mr. McLaughlin noticed humidity and smell in the basement when he arrived at the property. He conducted an examination of the property which disclosed long standing rot in the basement walls and extensive cracks in the foundation which would allow moisture to enter.

He also cut a hole in the plywood basement floor and found inches of standing water below. After he removed the finished floor and walls, he discovered evidence of long standing problems. The floor below was a "...broken up floor..." which had obviously failed earlier. The plywood floor, which hid the problem from view, had to be shimmed to approximate a level finished surface.

Similarly, the finished walls had been shimmed extensively to accommodate the uneven foundation walls. Some of the cracks and holes in the foundation were so extensive that a hand could be stuck through to the exterior.

To correct these problems, it was necessary to excavate around the exterior of the house and install drains and ice and water shield. McLaughlin replaced the soil with better draining soil. The interior walls had to be jacked extensively because of the breakdown of the foundation structure.

Mr. McLaughlin testified that, in his opinion, it had taken years for these problems to develop. They had not occurred overnight - indeed they had not occurred in the course of a year.[1] Indeed, attempts at earlier repairs are visible in the photographs. Further, the extensive shimming of the floor and walls clearly demonstrates that they were installed after the overt moisture problems (and related sequellae) had occurred for some time.

Plaintiffs' Exhibit 7, McLaughlin's invoice number 2116, details the cost of the remedial measures.

Upon these facts, the court cannot find by clear and convincing evidence that the Defendants fraudulently misrepresented the condition of the basement floor and foundation regarding moisture. However, the court has little difficulty in concluding that the Plaintiffs have proven a case of negligent misrepresentation by a preponderance of the evidence. The court finds their reliance upon the representations of the Defendants (in addition to their use of a house inspector) to be reasonable. The court further finds that the misrepresentations were the direct and proximate cause of damage to the Plaintiffs. The court does not find the facts above to constitute an express breach of contract.

---

[1] Defendants suggest that the moisture problems were the result of McLaughlin's ongoing work on the property during 2003-2004. The court does not accept this theory.

Accordingly, Judgment is rendered in favor of the Defendants on Counts I and III of the Complaint. Judgment is rendered in favor of the Plaintiffs against the Defendants jointly and severally on Count II in the amount of $12,360 plus costs and interest. Prejudgment interest is awarded at 5.21% per annum and post judgment interest is awarded at 8.21% per annum.

So Ordered.

The Clerk may incorporate this Order upon the docket by reference.

Dated: October 18, 2005

Andrew M. Mead
JUSTICE, MAINE SUPERIOR COURT

ROBERT E GARNETT JR & DENISE G GARNETT VS PAUL L ALLEN & LILLIAN M ALLEN
UTN:AOCSsr  -2004-0092079                    CASE #:BANDC-CV-2004-00321
-------------------------------------------------------------------------
ROBERT  E. GARNETT, JR                                       PL
ATTY BALDACCI, JOSEPH M.   Tel# (207) 945-3333
ATTY ADDR:6 STATE ST, SUITE 605 PO BOX 1423 BANGOR ME 04402-1423

DENISE  G. GARNETT                                           PL
ATTY BALDACCI, JOSEPH M.   Tel# (207) 945-3333
ATTY ADDR:6 STATE ST, SUITE 605 PO BOX 1423 BANGOR ME 04402-1423

PAUL  L. ALLEN                                               DEF
ATTY GOULD, EDWARD W.   Tel# (207) 942-4644
ATTY ADDR:23 WATER ST SUITE 400 PO BOX 917 BANGOR ME 04402


M=More, Space = Exit:M

Select the EXIT KEY for page selection line.